## SOUTHERN PAC. CO. v. BANK OF AMERICA.

Circuit Court of Appeals, Seventh Circuit. December 11, 1928.

Rehearing Denied December 31, 1928.

No. 4029.

John A. Sheean, of Chicago, Ill., for appellant.

Edward R. Johnston, of Chicago, Ill., for appellee.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. This is an action of replevin, tried by the court, after a written jury waiver. Special findings of fact were made, and judgment given for appellee, here called defendant.

The material, undisputed facts are that plaintiff, in San Francisco, issued to Ono Trading Company a uniform order bill of lading, for the carriage of crab meat. The bill of lading consigned the crab meat to Ono Trading Company, Chicago, "Notify Messcher, Sanborn & Holmes, Inc." Ono Trading Company indorsed the bill of lading, drew a sight draft on Messcher, Sanborn & Holmes, Inc., for $37,500 to the order of Pacific National Bank of San Francisco, and, with it, delivered to the bank the bill of lading.

The receivers for the Chicago, Milwaukee & St. Paul Railroad were the delivering carriers at Chicago, and they, without obtaining the bill of lading, wrongfully delivered the crab meat to the Railway Terminal & Warehouse Company, a public warehouse in Chicago, which issued its negotiable warehouse receipt to Messcher, Sanborn & Holmes, Inc., therefor. The latter company indorsed the

receipt, and delivered it as collateral to its note, payable to defendant, and received therefor the face value of the note, $34,000.

After discovery of the wrongful delivery, plaintiff, with full knowledge of all the facts and because of the wrongful delivery, paid the Pacific National Bank the amount of its draft, and took an assignment of all its rights under the draft and the bill of lading.

This suit, to replevin the crab meat, is brought on the theory that plaintiff is the owner of the Pacific National Bank's title to the bill of lading and the crab meat covered thereby, and is therefore entitled to its possession, and that defendant (a) did not take the warehouse receipt in good faith, and (b) even if it did, yet the delivery to the Terminal Railway & Warehouse Company was, as to the Pacific National Bank, which never consented thereto, a wrongful delivery, and did not divest the bank's title under the bill of lading.

The first contention is based upon the following facts: The crab-meat shipment originated overseas, and its owner, desiring to send it to Chicago in bond, sent duplicates of the ocean bills of lading to Chicago for use in payment of the custom duties. Upon payment of those duties, the collector of customs issued an unusual and irregular receipt. Messcher, Sanborn & Holmes, who were already largely indebted to defendant, made an unsuccessful attempt to borrow from defendant on the ocean bills of lading. We deem it unnecessary to go further into those matters because the record fully supports the special findings, and convinces us that defendant took the warehouse receipt for value, in good faith, and without notice. The charge that the transaction under which defendant made the loan, carried on by defendant's vice president Duvall, was dishonest is wholly unjustified by the record.

(b) is based upon a misconception of the issues tried. This case has been argued by appellant upon the theory that the title to the crab meat is in issue. Replevin is a possessory action in which the issue is: Who is entitled to the possession of the property sought to be replevined? The title may be in one, and the right of possession in another, so that one having the right of possession may, in replevin, recover that possession from the owner. The question is not whether plaintiff has a title superior to the title of the defendant under its warehouse receipt, but the question is whether, under the circumstances, the plaintiff's right to possession of the crab meat is superior to defendant's right of possession thereof. We are of opin-

ion that plaintiff has no such superior right because the receivers were the agents of the plaintiff. Atlantic Coast Line v. Riverside Mills, 219 U. S. 186, 205, 31 S. Ct. 164, 55 L. Ed. 167, 31 L. R. A. (N. S.) 7. Their delivery of possession was plaintiff's delivery, and although that act was wrongful as to the Pacific National Bank and in violation of its rights, the delivery was, as between plaintiff and the Terminal Railway & Warehouse Company, a lawful delivery of possession. It requires no citation of authorities to support the proposition that plaintiff cannot, as between itself and the Terminal Railway & Warehouse Company, or any one taking in good faith and without notice under its warehouse receipt, question the right of possession so acquired.

The judgment is affirmed.